CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 16, 2026

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **JESSE L. SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00388 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MRS. HARR, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Jesse L. Smith, Pro Se Plaintiff; Caitlyn B. Switzer, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, Richmond, Virginia, for Defendants.*

The plaintiff, an inmate in state custody proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, claiming that the defendants acted with deliberate indifference to his medical needs. This matter is currently before me on the defendants' Motion to Dismiss, Dkt. No. 17. Smith was provided notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) but has not filed a timely response. The matter is ripe for review, and upon careful consideration, I conclude that the Motion to Dismiss must be granted in part and denied in part.

## I. BACKGROUND.

Smith was housed at the Keen Mountain Correctional Center (KMCC) in Oakwood, Virginia, when he filed the Complaint. He has since been transferred to

the Greensville Correctional Center in Jarratt, Virginia.  Smith's pro se pleading names as defendants a Mrs. Harr, who is an Institutional Grievance Coordinator at KMCC, and Mrs. Deborah L. Ball (Mrs. Ball), who is a Registered Nurse III/Nurse Practitioner II at KMCC.  Compl. 1, Dkt. No. 1.  Smith states that he suffers from an enlarged prostate and related symptoms.  In his Affidavit attached to his Complaint, Smith asserts that he has made written requests, complaints, and grievances regarding treatment for his medical condition but has not received his desired medical care.  Smith specifically requested a medication called "Ideal Prostate Plus" which he states is "ideal for treating symptoms of a[n] enlarged prostate."  Compl. Ex. F, Aff. 1, Dkt. No. 1-1.

As attachments to his Complaint, Smith includes copies of the requests, grievances, and complaints he submitted regarding his medical condition.  On February 2, 2024, Smith submitted a facility request in which he stated that he was "experiencing symptoms" of an enlarged prostate but had received "no medical care for this medical issue" and that there was "a medication that [staff] could order" for him that would "clear up all [his] symptoms" within "3 weeks," (i.e., "Ideal Prostate Plus").  Compl. Ex. A, Facility Req., Dkt. No. 1-1.  In a response signed by a "C. Smith RN" dated February 5, 2024, Smith was notified that he had "an appointment scheduled with a urologist."  *Id.*  On August 13, 2024, Smith submitted a written complaint in which he stated that he had been seen by Mrs. Ball "a few times prior,"

but that she "always down play[ed] the [seriousness] of [his] medical issue" despite him having informed her "several times" about Ideal Prostate Plus. Compl. Ex. C, Written Compl., Dkt. No. 1-1. In a response dated August 26, 2024, Smith was notified that "medications have been ordered." *Id.* On September 9, 2024, Smith submitted a regular grievance in which he stated that although Mrs. Ball had "prescribed [him] medications," the medications she prescribed "do not treat [his] prostate issues at all" and requested that Mrs. Ball obtain the necessary approvals to order Ideal Prostate Plus for Smith. Compl. Ex. E, Regular Grievance, Dkt. No. 1-1. Finally, on November 14, 2024, Smith submitted an emergency grievance in which he stated that he was suffering from symptoms of an enlarged prostate including "extreme pain[ ], frequent urinations, leakage of urine, and blood in urine after urinations" and had been "without pain meds for 2 months now." Compl. Ex. B, Emergency Grievance, Dkt. No. 1-1. In a response signed by a "Brett Holmes RN" and submitted that same day, Smith was notified that he should submit a sick call request so that medication could be "ordered to deal with symptoms." *Id.* Smith submits in his Affidavit that as of September 29, 2025, he has still "not received the medication 'Ideal Prostate Plus' or a medication similar" to it. Aff. 2, Dkt. No. 1-1.

Although Smith was notified of the defendants' joint Motion to Dismiss and his deadline for filing a response, he did not file a timely response, and the Motion to Dismiss is now ripe for decision.

## II. DISCUSSION.

Smith has submitted this case under 42 U.S.C. § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Smith sues the defendants in their individual capacities for monetary damages based on alleged violations of the Eighth and Fourteenth Amendments. As discussed in more detail herein, Smith has failed to state a plausible claim against Mrs. Harr but has stated a plausible claim against Mrs. Ball.

### A. The Standard of Review.

"A Rule 12(b)(6) motion to dismiss tests only the sufficiency of a complaint." *Mays ex rel. Estate of Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021) (internal quotation marks and citation omitted). In considering a Rule 12(b)(6) motion, "[t]he district court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

-4-

"[C]ourts are obligated to liberally construe pro se complaints, however inartfully pleaded*." Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017) (internal quotation marks, citations, and alterations omitted).  Liberal construction, however, does not allow me to formulate constitutional or state law claims for Smith based on conclusory statements alone.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  "A court passing on a motion to dismiss may consider attachments to a complaint or the motion to dismiss if integral to the complaint and authentic."  *Leichling ex rel. Estate of Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 851 (4th Cir. 2016) (internal quotation marks and citation omitted).

B.  Smith's Complaint Fails to State a Claim
Against Mrs. Harr but States a Claim
Against Mrs. Ball.

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.  To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Adkins*, 487 U.S. 42, 48 (1988).  Smith claims that the defendants each violated his due process rights under the Fourteenth Amendment and were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's Cruel and Unusual Punishments Clause.  As to Mrs. Ball,

Smith alleges that she "was deliberate[ly] indifferent to [his] serious medical needs . . . by denying [him] access [to] proper medication ideal for treating [his] enlarge[d] prostate and [its] symptoms." Compl. 2, Dkt. No. 1. Regarding Mrs. Harr, Smith claims that she "was deliberate[ly] indifferent to [his] serious medical needs, by failing to process or blatantly obstructing [his] Grievance Procedure process." *Id.* at 3.

"[T]he Eighth Amendment imposes a duty on prison officials to 'provide humane conditions of confinement . . . [and] ensure that inmates receive adequate food, clothing, shelter, and medical care.'" *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "[A] prison official's 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" *Id.* at 225 (quoting *Estelle*, 429 U.S. at 104). To succeed on a deliberate indifference claim, a plaintiff must prove both "an objective component and a subjective component." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). "The objective component . . . is satisfied by a serious medical condition," meaning one that has "been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (citation omitted). "The subjective component is satisfied by proof of a defendant's deliberate indifference." *Id.* at 357. Deliberate indifference is

shown by proof that a defendant "had actual knowledge of the [plaintiff's] serious medical needs and the related risks, but nevertheless disregarded them." *Id.* (internal quotation marks and citation omitted).

Here, the defendants do not genuinely challenge whether Smith's enlarged prostate constitutes a serious medical condition. Mem. Supp. Mot. Dismiss 4, Dkt. No. 18. And based on Smith's allegations regarding his medical condition and its symptoms, I conclude that he has satisfied the objective component of the analysis. Because the defendants dispute whether Smith can show the subjective component of his claims against the defendants. I will focus my analysis on that component.

Considering the applicable standards, Smith does not plausibly state a viable claim against Mrs. Harr. Smith claims that she "obstructed [his] grievance procedure process by failing to process [his] regular grievance dated (9/9/24), . . . resulting in [his] being denied adequate medical care." Aff. 3, Dkt. No. 1-1. But "prison administrators are not liable for their responses to, much less their mere involvement in, the grievance process." *Pace v. Dillman*, No. 7:21CV00648, 2023 WL 6147791, at *5 (W.D. Va. Sept. 20, 2023).

Regarding Mrs. Ball, however, my analysis is different. Smith alleges that Mrs. Ball "was deliberate[ly] indifferent to [his] serious medical needs . . . by denying [him] access [to] proper medication ideal for treating [his] enlarge[d] prostate and [its] symptoms." Compl. 2, Dkt. No. 1. In his Written Complaint dated

August 13, 2024, Smith stated that although he went to see Mrs. Ball about his medical condition "a few times," she "always down play[ed] the [seriousness] of [his] medical issue like [there was] nothing she [could] do to aid and relieve [him]." Compl. Ex. C, Written Compl., Dkt. No. 1-1. Smith further stated that he advised Mrs. Ball about Ideal Prostate Plus but that she "refuse[d] to obtain a[n] order to obtain this medication for [him]." *Id.* And in his regular grievance dated September 9, 2024, Smith stated that although Mrs. Ball had prescribed him medications, "[t]he medications she prescribed to [him] are medications that do not treat [his] prostate issues at all." Ex. E, Regular Grievance, Dkt. No. 1-1.

As an initial matter, I conclude that Smith is not entitled to relief solely because he was not prescribed Ideal Prostate Plus or any specific medication. "The Constitution does not provide a right to specific medication or preferred treatment." *Farabee v. Gardella*, 131 F.4th 185, 194 (4th Cir. 2025). Moreover, "mere disagreement with a prescribed course of treatment is insufficient to establish an Eighth Amendment claim of deliberate indifference." *Annarelli v. Clarke*, No. 7:20-cv-00261, 2022 WL 4798345, at *10 (W.D. Va. Sept. 20, 2022).

That said, I conclude that Smith has alleged a plausible deliberate indifference claim against Mrs. Ball. As noted above, Smith alleges that although Mrs. Ball provided him with treatment, it was ineffective. That Mrs. Ball provided some treatment to Smith is not, by itself, sufficient to defeat a deliberate indifference

claim.  *De'lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013) ("But just because Appellees have provided De'lonta with *some* treatment . . . , it does not follow that they have necessarily provided her with *constitutionally adequate* treatment."). Moreover, Smith appears to have notified Mrs. Ball that her treatment was ineffective, and there is no indication that any alternative forms of treatment were considered or offered to Smith.  "[D]eliberate indifference can be inferred when a doctor knows that a course of treatment is largely ineffective and declines to change the course of treatment."  *Hasan v. Wang*, No. 7:24-cv-68, 2025 WL 974107, at *6 (W.D. Va. Mar. 31, 2025).  In similar circumstances, the Fourth Circuit held that a plaintiff "plausibly allege[d] the subjective element of a deliberate indifference claim."  *Perry v. Meade*, 728 F. App'x 180, 182 (4th Cir. 2018) (per curiam).  I find Smith's claim against Mrs. Ball to be plausible under *Twomby* and its progeny. Accordingly, for the foregoing reasons, I will dismiss Smith's claim against Mrs. Harr but will allow his claim against Mrs. Ball to go forward.

For the reasons stated herein, the defendants' Motion to Dismiss, Dkt. No. 17, is GRANTED IN PART and DENIED IN PART.  The Motion to Dismiss is GRANTED as to Mrs. Harr but DENIED as to Mrs. Ball.  The Clerk is directed to terminate Mrs. Harr on the docket.  The remaining defendant Mrs. Ball must file a dispositive motion, such as a motion for summary judgment, within 90 days of this date.  Otherwise, the case will be scheduled for trial.

ENTER:  April 16, 2026

/s/  JAMES P. JONES
Senior United States District Judge